Joel PRAWER, Appellant,

v.

David ESSLING, Respondent,

John L. Duffy, Defendant.

No. 48732.

Supreme Court of Minnesota.

May 4, 1979.

Robert N. Schlesinger, St. Paul, for appellant.

Larkin, Hoffman, Daly & Lindgren, James P. Miley, and James E. Strother, Minneapolis, for respondent.

Heard before PETERSON, KELLY, and SCOTT, JJ., and considered and decided by the court en banc.

KELLY, Justice.

This appeal arises from a malpractice action brought by plaintiff against his court-appointed counsel, alleging that defendant did not adequately represent him during the commitment hearing. Among the specific allegations of malpractice were the following:

1. Defendant conferred with plaintiff only once, two days prior to the hearing and for only one hour.

2. Defendant did not contact any of the persons suggested by plaintiff who may have been able to provide testimony in plaintiff's behalf.

3. Defendant did not review the plaintiff's medical records prior to the hearing.

4. Defendant did not consult with plaintiff during the course of the hearing and did not even sit next to appellant so as to allow for consultation.

5. Defendant asked few questions and those he did ask were not pursued although they could have been favorably developed.

6. Although specifically asked, defendant did not advise plaintiff of any further legal avenues available to contest the commitment.

Defendant moved for summary judgment claiming both that there were no genuine issues of fact and that he was immune from liability under Minn.St. 253A.21, subd. 2. The trial court granted defendant's motion, ruling that Minn.St. 253A.21, subd. 2, confers immunity on court-appointed attorneys against a claim of malpractice.[1] Although this proposition seems somewhat doubtful, we need express no opinion on it because we affirm the decision of the trial court for another reason. We hold that there are no genuine issues of material fact and that as

---

1. Minn.St. 253A.21, subd. 2, provides: "All persons acting in good faith, upon either actual knowledge or information thought by them to be reliable, who act pursuant to any provision of this chapter or who procedurally or physically assist in the hospitalization of any individual, pursuant to sections 253A.01 to 253A.21, are not subject to any civil or criminal liability under sections 253A.01 to 253A.21. Any medical privilege otherwise existing between patient and physician is waived as to any physician who provides information with respect to a patient pursuant to any provision of this chapter."

a matter of law plaintiff did not establish a prima facie case of legal malpractice.

Plaintiff Joel Prawer is a young man who, at the time of his commitment hearing in 1973, was a recent college graduate and had been accepted by the University of Minnesota medical school. On September 25, 1973, pursuant to Minn.St. 253A, plaintiff's mother filed a petition for his commitment to a hospital for psychiatric treatment. This petition was accompanied by a letter from a psychiatrist who had examined plaintiff. By an amended order dated September 28, 1973, defendant Essling was appointed to serve as the plaintiff's attorney and guardian ad litem. Defendant is a private attorney who periodically serves as appointed counsel in judicial commitment proceedings.

The commitment hearing was held on October 3, 1973, after which a judgment was entered by Court Commissioner James F. Finley ordering plaintiff to be committed for a period not to exceed 60 days. Plaintiff was released after 27 days of confinement and subsequently filed this action against his attorney.

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Rules of Civil Procedure, Rule 56.03. The rule further provides that:

> "* * * When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56.05.

Along with his motion for summary judgment, defendant additionally filed a supporting affidavit stating certain facts that tended to demonstrate justification for the acts and omissions which form the basis of the complaint. At no time did plaintiff attempt to factually controvert any of defendant's allegations. It is apparent therefore that there are no genuine issues of material facts to be resolved here. Thus, we are left on appeal to determine whether or not plaintiff has established, as a matter of law, a prima facie case of attorney malpractice. We answer that question in the negative.

Plaintiff's assertions of attorney malpractice are without support. The fact that defendant did not call or cross-examine certain witnesses is not, without more, sufficient to establish a case of legal malpractice. It is a well-established principle of trial advocacy that cross-examination of each and every opposition witness is not always advisable. See generally, L. Harolds, J. Kelner & J. Fuchsberg, Examination of Witnesses, p. 96. Likewise, the fact that defendant only conferred with plaintiff for one hour prior to the hearing does not in itself evidence malpractice. Under the circumstances of this case, a 1-hour conference may have been sufficient, especially for an experienced attorney. Plaintiff alleges that defendant did not contact persons suggested by him who may have been able to provide testimony in plaintiff's behalf. In his answer to interrogatories he admitted that he didn't know what they would testify to. Defendant by affidavit stated that plaintiff told him that all witnesses familiar with his situation believed he should remain in the hospital. Plaintiff also complains that defendant did not consult with plaintiff during the hearing and did not sit next to him. Defendant by affidavit states that plaintiff insisted on acting as his own attorney contrary to the court commissioner's and defendant's advice and that plaintiff interrupted the hearing with various statements and wandered about the courtroom. Similar reasoning applies to the plaintiff's other claims of malpractice. Equally convincing is that the eight doctors and two psychologists who examined plaintiff found him to be suffering from a manic-depressive state which required hospitalization and further medical treatment. Plaintiff has not so much as suggested that there was any evidence to rebut these opinions.

We have stated before that in order to prove malpractice, the plaintiff must demonstrate a standard of care and the defendant's departure from it. An attorney is only bound to exercise that degree of care and skill that is reasonable under the circumstances, considering the nature of the undertaking. *Sjobeck v. Leach*, 213 Minn. 360, 6 N.W.2d 819 (1942). In this case, plaintiff has not met his burden.

As we stated above, the Rules of Civil Procedure provide that when a motion for summary judgment is made and supported by affidavits, an opposing party may not merely rest upon the averments made in his pleadings. This is precisely what plaintiff has done in this case. The record is devoid of evidence demonstrating the standard of care applicable in this case, and it follows there is no showing of any deviation from the standard of care required by an attorney in the position of defendant. Under these circumstances, there being no factual disputes, we hold, as a matter of law, that the plaintiff has not satisfied the requirements for establishing a prima facie case of legal malpractice.

Affirmed.

TODD, J., took no part in the consideration or decision of this case.